UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 12-361 (RMC) |
| BANK OF AMERICA, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) | |

**ORDER REGARDING MOTION TO INTERVENE FILED BY THE LEVITANS**

Alleging misconduct in home mortgage practices, the United States, forty-nine States,[1] and the District of Columbia filed this case alleging that certain major mortgagee banks,[2] including Wells Fargo & Company and Wells Fargo Bank N.A. (collectively, Wells Fargo), engaged in misconduct in making Federal Housing Administration (FHA) insured mortgage loans. *See* Compl. [Dkt. 1]. On April 4, 2012, all parties agreed to a settlement and entered into five separate consent judgments, together valued at $25 billion. *See* Consent Judgments [Dkts. 10-14].

On June 3, 2014, Daniel J. Levitan and Pamela H. Levitan, husband and wife, filed a motion to intervene in the present case. Mot. to Intervene [Dkt. 165]. Wells Fargo opposes. *See* Opp'n [Dkt. 167]. The Levitans seek to set aside a judgment of foreclosure

---

[1] The State of Oklahoma did not participate in this suit.

[2] The Defendants here are: Bank of America Corporation; Bank of America, N.A.; BAC Home Loans Servicing, LP; Countrywide Home Loans, Inc.; Countrywide Financial Corporation; Countrywide Mortgage Ventures, LLC; Countrywide Bank, FSB; Citigroup, Inc.; Citibank, N.A.; Citimortgage, Inc.; J.P. Morgan Chase & Company; JPMorgan Chase Bank, N.A.; Residential Capital, LLC; Ally Financial, Inc.; GMAC Mortgage, LLC; GMAC Residential Funding Co., LLC; Wells Fargo & Company; Wells Fargo Bank N.A.

1

rendered by a Florida state court regarding property mortgaged to Wells Fargo and others. Mot. to Intervene at 2-9. The property is located at 1257 Greystone Lane, Pensacola, Florida 32154, and the judgment of foreclosure is currently on appeal. *Id*. at 2.

The motion to intervene will be denied because the Levitans do not meet the standard for mandatory or permissive intervention. This case dealt with mortgage servicing, origination, and certification in general, and not with their mortgage in particular, and consent judgments were entered over two years ago. Further, the Court lacks jurisdiction to hear the challenge to a Florida state court foreclosure decision.

An applicant may intervene as of right when the applicant (1) makes a timely motion; (2) has an interest relating to the property or transaction that is the subject of the action; (3) is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) where the applicant's interests are not adequately represented by the existing parties. Fed. R. Civ. P. 24(a); *see also Sierra Club v. Van Antwerp*, 523 F. Supp. 2d 5, 6 (D.D.C. 2007). A court, in its discretion, also may permit intervention where the applicant (1) makes a timely motion; (2) has a claim or defense; and (3) that claim or defense shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b); *see also EEOC v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). In addition to the three elements set out in Rule 24(b), courts also require that there be an "independent ground for subject matter jurisdiction." *EEOC*, 146 F.3d at 1046.

A district court has discretion to determine whether a motion to intervene was timely, *see Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 732 (D.C. Cir. 2003), weighing the amount of time elapsed, the purpose of, and need for, intervention, and the prejudice to parties already in the case, *see United States v. AT&T*, 642 F.2d 1285, 1295 (D.C. Cir. 1980). To

determine whether a motion is timely, courts look to the date that the party seeking to intervene "knew or should have known that any of [his] rights would be directly affected" by the litigation. *Nat'l Wildlife Fed'n v. Burford*, 878 F.2d 422, 434 (D.C. Cir. 1989), *rev'd on other grounds sub nom. Mountain States Legal Found. v. Nat'l Wildlife Fed'n*, 497 U.S. 871 (1990).

The Levitans' motion is untimely and intervention would be prejudicial. The motion to intervene was filed on June 3, 2014, over two years *after* nationwide media coverage of the settlement began (in February 2012) and after the Consent Judgments were entered (in April 2012). In February 2012, the proposed consent judgments in this case were publicized in national newspapers, *see, e.g.*, Nelson D. Schwartz & Julie Creswell, *Mortgage Plan Gives Billions to Homeowners, but With Exceptions*, The New York Times, Feb. 10, 2012 at B1 [Dkt. 135-6]; Toluse Olorunnipa, *Landmark Settlement with Mortgage Lenders Provides Relief for Some Struggling Home Owners; Foreclosures*, The Miami Herald, Feb. 9, 2012 [Dkt. 167-1], and on the Department of Justice website, *see* U.S. Dep't of Justice, *$25 Billion Mortgage Servicing Agreement Filed in Federal Court*, Mar. 12, 2012, http://www.justice.gov/opa/pr/2012/March/12-asg-306.html. Through the website especially set up for this settlement, the Consent Judgments were announced when they were entered and the full text was made available through PACER. *See* Nat'l Mortgage Settlement, http://www.nationalmortgagesettlement.com (last viewed June 23, 2014). The National Mortgage Settlement website includes contact information for the Attorney General's Offices for the States that participated in the settlement. *Id*. Due to the substantial and widespread publicity that the Consent Judgments in this case received starting in February 2012, the Levitans had actual or constructive notice of the Consent Judgments over two years before filing the motion to intervene in June 2014.

In addition, the motion to intervene is untimely because it would interfere with a large and complex settlement agreement, which had been in effect for over two years before the Levitans filed their motion to intervene.  A district court acts within the bounds of its discretion when it chooses to deny intervention to avoid the risk of undoing a hard-won settlement.  *Moten v. Bricklayers, Masons & Plasterers Int'l Union of Am.*, 543 F.2d 224, 228 (D.C. Cir. 1976) (affirming the district court's denial of motion to intervene as untimely where the motion was filed on the eve of settlement).

Further, under the *Rooker-Feldman* abstention doctrine, this Court lacks jurisdiction over the underlying foreclosure judgment rendered by a Florida state court.  The doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."  *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court").  Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Id.* at 483.

In a case similar to this one, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision ratifying the foreclosure sale of his residence.  He sought possession of his residence and damages,

alleging a violation of due process, fraud, and discrimination. *Tremel*, 251 F. Supp. 2d at 46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman. Id*. at 45-46. Likewise here, the Levitans ask this federal district court to review a Florida state court ruling. As in *Tremel*, this Court lacks jurisdiction under *Rooker-Feldman*.

    Accordingly, the motion to intervene [Dkt. 165] is **DENIED**.

Date:  June 24, 2014                                     /s/
                                                                   ROSEMARY M. COLLYER
                                                                   United States District Judge